**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ED ROMAN,

        Plaintiff,

v.

BERNIE (BERNARD) CHASE, et al.,

        Defendants.

2:09-CV-1476 JCM (LRL)

**ORDER**

Presently before the court is defendants Bernie Chase and Chris Andreoli's motion to dismiss or, alternatively, motion for more definite statement. (Doc. #19). Plaintiff Ed Roman filed an opposition to the motion and a request for oral argument. (Doc. #22). Defendants filed a reply in support of their motion. (Doc. #23).

Plaintiff's complaint (doc. #3) stems from the defendants' alleged fraudulent activity that induced the plaintiff to enter into a business relationship with them, which ultimately led to the failure of plaintiff's retail guitar business. In the plaintiff's pro per amended complaint (doc. #3) filed on November 12, 2009, he asserts claims for relief for (1) fraud, (2) intentional and tortious interference with prosepective unique business advantages, (3) civil conspiracy to commit fraud, (4) racketeering under the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), and (5) breach of contract. Subsequently, on March 2, 2010, the court granted plaintiff's motion (doc. #5) to substitute attorney, and attorney Chad N. Dennie appeared on behalf of plaintiff Ed Roman. (Doc. #6).

In the present motion (doc. #19), defendants Chase and Andreoli assert that plaintiff's

**James C. Mahan**
**U.S. District Judge**

complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In the alternative, defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e), with regards to the plaintiff's breach of contract claim only.

### Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. In order for a plaintiff to survive a 12(b)(6) motion, he must "provide the grounds for [] entitlement to relief [which] requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Under rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 173 L.Ed.2d 868 (2009), quoting *Twombly* at 555.

Further, a plaintiff can "plead himself out of a claim" by including factual allegations contrary to the factual elements of his claims or contradicted by documents referred to in the complaint. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see also Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998).

### First Claim for Relief- Fraud

To prove a claim for intentional misrepresentation, the plaintiff must establish three factors: (1) a false representation that is made with either knowledge or belief that it is false or without a sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. *Nelson v. Heer,* 123 Nev. 217, 225, 163 P.3d 420, 426 (Nev. 2007); *see also Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 446-447, 956 P.2d 1382, 1386 (Nev. 1998). However, the false representation must be one concerning an existing past fact, and is not actionable if it is merely an expression of opinion, an estimate of value, or "mere puffery." *Clark Sanitation, Inc. v. Sun Valley Disposal, Co.,* 87 Nev. 105, 111, 825 P.2d 337, 339 (Nev. 1971).

Plaintiff asserts in his amended complaint (doc. #3) that defendants made many false

James C. Mahan
U.S. District Judge

- 2 -

representations that they knew were false, and that plaintiff relied on these representations "to the point in which he lost his entire business, with the exception of the small entity that exists on the [i]nternet." However, in the present motion to dismiss (doc. #19), defendants argue that the alleged misrepresentations only concern defendants' expression of opinion or "mere puffery." Specifically, defendants assert that the claims plaintiff refers to involve promises that defendants made to plaintiff that they would try and increase plaintiff's reputation and make the business grow. Further, defendants assert that plaintiff has not set forth any "plausible allegations that [d]efendants knew their promises were false and intended for [p]laintiff to rely on those statements."

To the contrary, plaintiff's amended complaint (doc. #3) alleges that defendants told him they owned several very rare and expensive guitars to add to the collection at Ed Roman's guitar store, "recently sold the Elvis Presley Museum," "owned the largest Lamborghini dealership in the world", owned a private jet, had "credentials and experience in the retail music business," and owned "Symbolic Galleries, which was a museum consisting of guitars owned by" famous legendary musicians. All of these representations were allegedly made in an attempt to induce plaintiff to enter into a business relationship with them, and were allegedly false.

If defendants did not own the business, the dealership, the music memorabilia, or guitars, they *knew* they did not own them, and *knew* that their representations were false. Plaintiff asserts that making these statements caused him to believe that the defendants would be an asset to his company, and further his ultimate goal of opening up a music museum. Therefore, the plaintiff has sufficiently alleged facts that are more than "mere puffery," and/or opinions.

Further, defendants assert that plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The circumstances alleging fraud must be "specific enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3D 1087, 1106 (9th Cir. 2003). However, rule 9 also states that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.

R. Civ. P. 9.

The complaint states specifically when and who made the alleged false representations to the plaintiff, and how he relied on these statements. Further, the knowledge that the facts were false and the intent in the defendants' minds were "alleged generally." Thus, the claim of relief for fraud should not be dismissed on these grounds.

### Second Claim for Relief- Intentional and Tortious Interference with Prospective Unique Business Advantages

To allege a claim for intentional interference with a prospective business advantage, the plaintiff must show, "(1) a prospective contractual relationship between the plaintiff and a third party, (2) the defendant's knowledge of this prospective relationship, (3) the intent to harm the plaintiff by preventing the relationship, (4) the absence of privilege or justification by the defendant, and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co. Inc.,* 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (1998).

In the complaint (doc. #3), plaintiff asserts that defendants prevented him from "engaging in personal interactions with personnel at [] various musical instrument companies and [] fail[ed] to pay bills." Defendants assert that plaintiff has failed to provide the court with facts that support the allegation that he was in any way "prevented" from continuing his relationships or from paying his bills. However, plaintiff specifically alleges in the complaint (doc. #3) that he "was increasingly locked out of the store and was not allowed to be involved in the daily business operation," and that he "was not allowed at all in the building in late June and July of 2007." Therefore, the plaintiff has sufficiently alleged a claim for intentional and tortious interference with prospective unique business advantages. Thus, this claim is not dismissed.

### Third Claim for Relief- Civil Conspiracy

To assert a claim for civil conspiracy to commit fraud, the plaintiff must show that two or more persons, by some concerted action, intended to accomplish an unlawful objective for the purpose of harming another, and that damage resulted from the act or acts. *Collins v. Union Fed. Savings & Loan,* 99 Nev. 284, 303, 662 P.2d 610, 622 (1983).

In the complaint, plaintiff alleges that "[d]efendant[]s had an agreement to defraud [p]laintiff by inducing [him] to disclose confidential, proprietary, technical, marketing information and other aspects of his large musical instrument business," and that they "unlawfully diverted [p]laintiff[']s confidential information to their own." Defendants assert that plaintiff fails to provide any detail as to the "confidential, propriety, technical, marketing information" that defendants induced plaintiff to disclose, and that he failed to show how they used this information as their own.

As discussed above, the court held that the claim for fraud survives based upon the alleged misrepresentations by the defendants regarding their businesses, experience, credentials, and ownership of musical memorabilia. In the complaint, plaintiff alleged that the defendants acted together and had an "agreement to defraud" him, which led to damages to his business. Therefore, plaintiff has alleged all the necessary elements of a claim for civil conspiracy to commit fraud.

**Fourth Claim for Relief- Racketeering**

To prove a claim of racketeering under 18 U.S.C. § 1962(c), plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Ebay Inc. v. Digital Solutions, Inc.,* 608 F.Supp. 2d 1156 (N.D. Cal 2009) (*citing Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007).

Defendants assert that plaintiff fails to assert any facts that support a claim that the defendants were an enterprise. However, RICO defines an enterprise to include "any *individual, partnership,* corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *In re Countrywide Financial Corp. Mort. Marketing and Sales Practices Litigation,* 601 F. Supp. 2d 1201 (S.D. Cal. 2009); 18 U.S.C. § 1961(4). (emphasis added). Further, "there are three criteria for establishing an associated-in-fact enterprise under RICO: (1) a common purpose of engaging in a course of conduct[,] (2) an ongoing organization, formal or informal, (3) evidence that the various associates function as a continuing unit." *Id.* (internal citations omitted).

Throughout the complaint, plaintiff demonstrates how the defendants acted as a "unit," and, although not presenting themselves as a "legal entity," how they portrayed a "common purpose of

**James C. Mahan**
**U.S. District Judge**

engaging in a course of conduct" to enter into business with the plaintiff. Therefore, the defendants do meet the definition of "enterprise", and the plaintiff has provided the court with sufficient allegations to support the claim for racketeering.

### **Fifth Claim for Relief- Breach of Contract**

A claim for breach of contract requires "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damages as a result of the breach." *See Saini v. Int'l Game Tech.,* 434 F.Supp.2d 913, 920-21 (D.Nev. 2006) (*citing Richardson v. Jones,* 1 Nev. 405 (1865)). The plaintiff asserts that he and the defendants entered into "multiple contracts and various iterations" and "made specific promises to each other that were accepted by the parties." The defendants ask this court to dismiss the breach of contract claim for failure to "adequately allege that a valid and existing contract even exists."

Alternatively, defendants ask this court order the plaintiff to submit a more definite statement with regards to which contract and what terms were breached. Pursuant to Federal Rule of Civil Procedure 12(e), a court may order plaintiff to submit a more definite statement where the pleading is "so vague or ambiguous that a party cannot reasonably prepare a response."

However, the Supreme Court has held that the plaintiff's complaint will survive if, as here, he gave "fair notice" of the claims and the grounds for those claims. *Tellabs, Inc. v. Makor Issues & Rights, Ltds.,* 551 U.S. 319, 127 S.Ct. 2507 (2007). Within the facts of the plaintiff's complaint, he asserts that there were several contracts entered into by the parties, and references certain provisions and promises of those contracts that were breached. Thus, he has given fair notice to the defendants as to the basis of his claim for breach of contract, which is sufficient for the defendants to prepare a response. Any necessary specific facts regarding the alleged contracts may be uncovered during discovery by the parties.

Accordingly,

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Bernie Chase
2 and Chris Andreoli's motion to dismiss or, motion for more definite statement (doc. #19) be, and the
3 same hereby is, DENIED.
4    DATED December 21, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**