**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ED ROMAN,

    Plaintiff,

v.

BERNIE (BERNARD) CHASE, et al.,

    Defendants.

2:09-cv-01476-JCM-LRL

**O R D E R**

    Before the court is defendants Bernie (Bernard) Chase and Chris Andreoli's Motion to Compel Arbitration (#29) and Motion to Stay Litigation (#30), filed as one document. The court has considered the motions, plaintiff's Opposition (#34), and defendants' Reply (#38). For the following reasons the motions (##29, 30) will be granted.

    This action arises out of a series of written agreements signed by the parties beginning with an agreement dated January 2, 2007.[1] Exh. A to Mot. (#29). On August 7, 2009, plaintiff Roman filed suit against the defendants alleging fraud, intentional and tortious interference with prospective business advantages, civil conspiracy to commit fraud, violation of federal racketeering laws under 18 U.S.C. § 1961 *et seq.*, and breach of contract. *See* Complaint (#1); Amended Complaint (#3). The defendants filed an Answer (#27) and asserted counter-claims against Roman for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, breach of fiduciary duty, conversion, negligent misrepresentation, and alter ego; and claims for conversion and alter ego against Ed Roman Enterprises, Inc. Defendants specifically pled the affirmative defense that plaintiff's claims

---

[1] Plaintiff Ed Roman and defendant Chase are the primary signatories on the agreement. Defendant Andreoli signed the agreement as a third party beneficiary.

are subject to the written agreement to arbitrate. The parties conferred regarding the issue of arbitrability of the claims but could not come to agreement. Defendants filed the instant motion on January 28, 2011, seeking an order to compel arbitration and to stay proceedings in this court.

Section 18(G) of the January 2, 2007 initial agreement is an arbitration clause which states in its entirety:

> This Agreement shall be governed and construed under the laws of the State of Nevada. Both parties hereby consent to the jurisdiction of the courts of the State of Nevada governing contracts entered into wholly performed therein. Any disputes arising under this Agreement shall be brought to and settled by arbitration before a representative of the American Arbitration Association in Las Vegas, Nevada, in accordance with its rules and regulations, and judgment on any award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

On February 23, 2007, Roman and Chase executed an Addendum, which altered certain rights and obligations of the parties, but included the same arbitration clause. *See* Exh. B to Mot. (#29) at Article IX(D). A second Addendum was entered into on March 15, 2007, which altered certain rights and obligations, but again included the same arbitration clause. Exh. C to Mot. (#29). On May 8, 2007, the parties executed a third Addendum, which likewise did not alter or eliminate the arbitration clause. Exh. D to Mot. (#29).

**Discussion**

Where a "plaintiff's challenge to the validity of an arbitration clause is a distinct question from the validity of the contract as a whole, the question of arbitrability is for the court to decide, regardless of whether the specific challenge to the arbitration clause is raised as a distinct claim in the complaint." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 998 (9th Cir. 2010); *see Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 445-46 (2006) (explaining that as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract; and unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance) (citations omitted).

Roman does not allege fraud or wrong-doing specifically related to the embedded arbitration clause, nor does he contend that the clause itself somehow is defective. Rather, he argues that "the

actions of the Defendants were so unreasonable and outside any business dealings ever contemplated by or between the parties that the bases of the contract and amendments entered into never come into effect." Opp'n (#34) at 3. Such allegations about an entire contract are generally insufficient to defeat the applicability of an arbitration clause. *Sheehan v. Centex Homes* 2011 WL 1100031 at *5 (D. Haw. Mar. 21, 2011) (citing *Rent-A-Center, W., Inc. v. Jackson*, 130 S.Ct. 2772, 2778 (2010)). Only allegations that go specifically to the execution of an arbitration clause may be considered by a court. Roman makes no such allegations. *Cf. Fastbucks*, 622 F.3d at 999-1000 (finding plaintiff's challenge to arbitration clause distinct, and properly addressed by district court, where in opposing a motion to compel arbitration, she alleged that the clause was unconscionable, not mutually entered into, improperly limited her damages, and contained invalid place and manner restrictions, among other defects).

Accordingly, and for good cause shown,

IT IS ORDERED that Defendants Bernie (Bernard) Chase's and Chris Andreoli's Motion to Compel Arbitration (#29) is GRANTED.

IT IS FURTHER ORDERED that defendants' Motion to Stay (#30) is GRANTED. Discovery is hereby stayed pending further order of the court.

DATED this 8th day of April, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**